United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FAREED-SEPEHRY-FARD©, <br><br> Appellant, <br><br> v. <br><br> U.S. TRUSTEE, et. al., <br><br> Appellees. | Case No. 17-cv-06577-BLF <br><br> **ORDER DENYING CHAPTER 13 TRUSTEE'S MOTION TO VACATE ORDER GRANTING FAREED-SEPEHRY-FARD©'S MOTION TO STRIKE SUR-REPLY; AND DENYING FAREED-SEPEHRY-FARD©'S REQUEST FOR SANCTIONS** <br><br> [Re: ECF 29] |

Previously, Appellee Devin Derham-Burk, Standing Chapter 13 Trustee for the San Jose Division of the United States Bankruptcy Court for the Northern District of California (the "Chapter 13 Trustee"), filed a sur-reply to the reply brief submitted by Appellant Fareed-Sepehry-Fard©. ECF 24. The Court granted Fareed-Sepehry-Fard©'s motion to strike the Chapter 13 Trustee's sur-reply because no leave to file the sur-reply was obtained. ECF 27.

Before the Court is the Chapter 13 Trustee's motion to vacate the order granting Fareed-Sepehry-Fard©'s motion to strike. Mot., ECF 29. Fareed-Sepehry-Fard© opposes the motion. Opp'n, ECF 30. For the reasons stated below, the Chapter 13 Trustee's motion is DENIED.

The Chapter 13 Trustee argues that she believed in good faith that she was required to file a sur-reply based on the Court's February 7, 2018 order (ECF 19) and scheduling order (ECF 16). Mot. 4. The February 7, 2018 order granted Fareed-Sepehry-Fard©'s request to extend the time to file an opening brief and further states that "[o]ther briefs shall be submitted pursuant to the deadlines set forth in the scheduling order at ECF 16." ECF 19 at 2. The scheduling order

provides in relevant part:

> <u>Appellee's principal and response brief</u>: no more than 30 days after service of appellant's brief. If the appellee has filed a cross-appeal, the brief of appellee shall contain both the issues and arguments pertinent to the cross-appeal and the response to the appellant's brief.
>
> <u>Appellant's response and reply brief</u>: no more than 30 days after service of appellee's brief.
>
> <u>Appellee's reply brief</u>: no more than14 days after service of the appellant's response and reply brief, but also no more than 7 days before scheduled argument.
>
> Briefs shall be in compliance with Bankruptcy Rules 8014-8018, as applicable.

ECF 16. The Chapter 13 Trustee believed that she was required to file a sur-reply based on the February 7, 2018 order's phrase "[o]ther briefs shall be submitted" and the scheduling order's reference to "Appellee's reply brief." *See* Mot. 4–5.

On this basis, the Chapter 13 Trustee filed this motion pursuant to Federal Rule of Civil Procedure 60(b)(1) and (6). Mot. 5. The Chapter 13 Trustee asserts that she "missed the 28-day deadline to file a motion for reconsideration"[1] and that relief is warranted under Rule 60(b)(1), which allows a court to grant relief based on "excusable neglect." *See id.* at 6; Fed. R. Civ. P. 60(b)(1). The Chapter 13 Trustee argues that she was unable to "timely file[] a motion for reconsideration of the Court's order" striking the sur-reply due to issues "relating to the delivery of electronic notifications." *Id.* at 5. The Chapter 13 Trustee provides no specific reasons based on Rule 60(b)(6), which provides that relief may be granted for "any other reason that justifies relief."

The Court DENIES the Chapter 13 Trustee's motion because her belief that she was permitted and required to file a sur-reply brief is incorrect. The February 7, 2018 order requires only that briefs which were allowed to be filed must be submitted in accordance with the time limits set forth in the scheduling order. The scheduling order (ECF 16) neither allowed nor required the filing of a sur-reply brief in this case. The scheduling order references "Appellee's reply brief" and further states that Bankruptcy Rules 8014–8018 applies. Those rules provide that

---

[1] The Court does not determine whether the Chapter 13 Trustee missed a deadline to file a motion for reconsideration.

2

1 an Appellee *may* file a reply brief to Appellant's response "[i]n a case involving a cross-appeal."
2 Fed. R. Bankr. P. 8016(c). This case does not involve a cross-appeal, and thus the Chapter 13
3 Trustee was not required to file a sur-reply brief.

Fareed-Sepehry-Fard© requests that the Court impose sanctions against the Chapter 13 Trustee for violating the Court's order granting his motion to strike and causing him emotional, economic, and physical damages. Opp'n 1, 5. Fareed-Sepehry-Fard© also argues that the Chapter 13 Trustee violated the Civil Local Rules by filing the sur-reply without leave of the Court. *Id.* at 2–5. However, Fareed-Sepehry-Fard© has not shown why an imposition of sanctions is justified. The Chapter 13 Trustee did not violate the Court's order granting Fareed-Sepehry-Fard©'s motion to strike because the Trustee is requesting relief from that order. The Court also already rejected Fareed-Sepehry-Fard©'s request for sanctions based on his argument that the Chapter 13 Trustee violated the Civil Local Rules. *See* ECF 27. Here, again, the Court does not find any basis to impose sanctions as it is satisfied with the Chapter 13 Trustee's reasons why a sur-reply was submitted without leave of the Court. For the foregoing reasons, Fareed-Sepehry-Fard©'s request for sanctions is DENIED.

**IT IS SO ORDERED.**

Dated: August 27, 2018

_____
BETH LABSON FREEMAN
United States District Judge