1
2
3

**UNITED STATES DISTRICT COURT**

4

**NORTHERN DISTRICT OF CALIFORNIA**

5

**SAN JOSE DIVISION**

6

7    FAREED-SEPEHRY-FARD©,                          Case No. 17-cv-06577-BLF

8                    Appellant,

9            v.                                      **ORDER AFFIRMING BANKRUPTCY COURT'S ORDER DISCHARGING CHAPTER 13 TRUSTEE AND FINAL DECREE**

10   U.S. TRUSTEE, et. al.,

11                   Appellees.

12

13

14         This action arises from Debtor/Appellant Fareed-Sepehry-Fard©'s appeal of the United

15   States Bankruptcy Court's Order Discharging Chapter 13 Trustee after Case Dismissal and Final

16   Decree ("Discharge Order"). Notice of Appeal, ECF 1-4; Am. Notice of Appeal, ECF 18. The

17   Bankruptcy Court discharged the Chapter 13 Trustee of the estate of Debtor/Appellant Fareed-

18   Sepehry-Fard© and closed the case by entering the Discharge Order on October 16, 2017. *See*

19   Discharge Order, ECF 1-4.

20         Fareed-Sepehry-Fard© appealed that order to this Court naming the following Appellants:

21   U.S. Bank National Association, as Trustee for Greenpoint Mortgage Trust Mortgage Pass-

22   Through Certificates, Series 2007-AR2, Nationstar Mortgage LLC, Greenpoint Mortgage

23   Funding, Inc., Capital One, N.A., Clear Recon Corp, Countrywide Home Loans, Inc., and Devin

24   Derham-Burk, Trustee. Notice of Appeal; *see also* Am. Notice of Appeal. Only Devin Derham-

25   Burk, the Chapter 13 Trustee, is the party subject to the Discharge Order in the underlying

26   bankruptcy case, *In re Fareed-Sepehry-Fard*, Bankr. N.D. Cal. Case No. 17-bk-50499.

27         Appellant Fareed-Sepehry-Fard© filed an opening brief on April 2, 2018. Opening Br.,

28   ECF 20. Appellee Chapter 13 Trustee filed a responsive brief on May 3, 2018. Responsive Br.,

United States District Court
Northern District of California

1    ECF 22.  Fareed-Sepehry-Fard[©] submitted his reply brief on May 14, 2018.  Reply Br., ECF 23.

2    Although the Chapter 13 Trustee further submitted a sur-reply, that brief was stricken because the

3    Trustee did not obtain leave of the Court.  ECF 27.

4        The Court has considered the parties' briefing and finds the matter to be appropriate for

5    disposition without oral argument.  *See* Civ. L.R. 7-1(b).  For the reasons discussed below, the

6    Bankruptcy Court's Discharge Order is AFFIRMED.

7    **I.    PROCEDURAL BACKGROUND**

8        On March 1, 2017, Fareed-Sepehry-Fard[©] filed a Chapter 13 petition initiating the

9    underlying bankruptcy action (Case No. 17-bk-50499).  Bankr. Docket, ECF 14-2.  On March 15,

10   2017, First American Title Insurance Company filed a motion for an order confirming that an

11   automatic stay was not in effect and did not bar its motion to dismiss pending in a state court

12   action initiated by Fareed-Sepehry-Fard[©].  Record on Appeal 6, ECF 14-3.[1]  On April 4, 2017, the

13   Bankruptcy Court issued an order confirming that no stay was in effect.  Record on Appeal 136,

14   ECF 14-6.  One week later, on April 11, 2017, Fareed-Sepehry-Fard[©] filed a memorandum

15   regarding his "unavailability for six weeks due to Debtor's medical conditions and inability of

16   Debtor to file for motion extending the time to stay or to reimpose the stay."  Record on Appeal

17   140, ECF 14-19.

18       On June 26, 2017, the Chapter 13 Trustee moved to dismiss the bankruptcy action based

19   on Fareed-Sepehry-Fard[©]'s failure to prosecute.  Record on Appeal 190 (citing Dkt. 100 of Case

20   No. 17-bk-50499), ECF 14-20.  After no objections were filed, the Chapter 13 Trustee requested

21   an entry of order of default.  *Id.*  On July 19, 2017, the Bankruptcy Court dismissed the case

22   without prejudice and ordered the Chapter 13 Trustee to submit her Final Report for approval at a

23   later date.  Record on Appeal 196, ECF 14-20.  On October 16, 2017, the Bankruptcy Court

24   entered an order discharging the Chapter 13 Trustee and closing the case, and entered a final

25   decree.  Discharge Order.

26

27

28   [1] The cited page number for the Record on Appeal refers to the Bates number at the bottom of
     each document.

2

## II. APPEAL OF THE DISCHARGE ORDER

On October 27, 2017, Fareed-Sepehry-Fard© appealed the Discharge Order. He filed an amended notice of appeal on November 2, 2017. *See* Am. Notice of Appeal. The amended notice of appeal states that the subject of the appeal is the Bankruptcy Court's Order Discharging Chapter 13 Trustee After Case Dismissal and Final Decree (i.e., the Discharge Order) and "all Interlocutory orders." *See id.*

To the extent that Fareed-Sepehry-Fard© intends to appeal other orders than the Discharge Order, his appeal is untimely. The time to appeal an order is within 14 days after it issued. Fed. R. Bankr. P. 8002. Fareed-Sepehry-Fard© filed the amended notice of appeal on November 2, 2017, which is more than 14 days after any "interlocutory order" was issued by the Bankruptcy Court. The result is the same even if the 14 day limit was calculated from the date of the original notice of appeal, which was filed on October 16, 2017. Thus, only the appeal of the Discharge Order is timely and the sole matter present in this action.

This Court has jurisdiction to hear appeals "from final judgments, orders, and decrees" of bankruptcy courts. 28 U.S.C. § 158(a)(1). The Discharge Order is subject to appellate review. *Cf. In re Schafler*, No. BAP NC-06-1051, 2007 WL 7540989, at *2–3 (B.A.P. 9th Cir. Jan. 18, 2007) (reviewing the debtor's appeal of an order discharging the trustee).

## III. ISSUES PRESENTED

Fareed-Sepehry-Fard© identifies five issues for appeal in his opening brief:

    (1) whether the U.S. Trustee and the Bankruptcy Court judge failed to uphold Fareed-Sepehry-Fard©'s Eighth Amendment right against cruel and unusual punishment and whether the Bankruptcy Court judge's order usurped the "constitutional form of government;"

    (2) whether the U.S. Trustee failed to prevent harm to Fareed-Sepehry-Fard© under 18 U.S.C. § 1346 while causing him economic and physical damages;

    (3) whether the Bankruptcy Court judge had jurisdiction "to do anything" after Fareed-Sepehry-Fard© filed a notice of unavailability due to medical conditions and whether the judge violated the Eighth Amendment;

3

1    (4) whether the Bankruptcy Court judge usurped this Court's order regarding Fareed-

2    Sepehry-Fard©'s notice of unavailability based on his medical conditions; and

3    (5) whether the Bankruptcy Court judge had Article III standing.

4    Opening Br. 1–2. The presented issues do not directly challenge the merits of the Discharge

5    Order. Rather, Fareed-Sepehry-Fard© appears to argue that the Bankruptcy Court's Order violated

6    his constitutional rights.

7    The Court also notes that the first and second issues were not presented in Fareed-Sepehry-

8    Fard©'s statement of issues filed with the Bankruptcy Court. *See* Case No. 17-bk-50499, Dkt.

9    129. Appellee Chapter 13 Trustee does not object to the two issues in her brief. Moreover,

10   Fareed-Sepehry-Fard© does not separate out the five issues in his brief and generally relies on the

11   same arguments to support his position. As such, the Court will consider his arguments and

12   determine whether he can prevail on the issues identified in his opening brief.

13   **IV.    THE PARTIES' ARGUMENTS**

14   Fareed-Sepehry-Fard© first argues that the U.S. Trustee and the Bankruptcy Court judge

15   failed to uphold his Eighth Amendment right and that the judge's order violated the "constitutional

16   form" of government. Opening Br. 2 (citing 18 U.S.C. § 1918,[2] U.S. Const. amend. VIII,[3] and

17   Cal. Const. art. I, §§ 7, 17[4]). For support, Fareed-Sepehry-Fard© contends that this Court issued

18   three orders granting his request for an extension of time to file an opening brief in another appeal

19   due to his medical conditions.[5] *Id.* (citing Ex. A, ECF 17-1). He also points to three letters

20   written by his physicians. *Id.* (citing Ex. B, ECF 17-2).

21   In light of the three orders issued by this Court, Fareed-Sepehry-Fard© asserts that the U.S.

22   Trustee and Bankruptcy Court judge violated his constitutional rights. *See* Opening Br. 1–2. On

23   this basis, Fareed-Sepehry-Fard© argues that the Discharge Order is void. *See id.* at 2 (contending

24

---

25   [2] Section 1918 provides that an individual who holds a position in the federal government shall be
26   fined if he or she participates in a strike against the government.
     [3] The Eighth Amendment prohibits the government from imposing cruel and unusual punishment.
27   [4] Sections 7 and 17 of California Constitution Article 1 provides the right to due process and
     protection against cruel and unusual punishment.
28   [5] The three orders were issued in *Fareed-Sepehry-Fard v. Countrywide Home Loans, Inc., et al.*,
     Case No. 17-cv-02126-BLF.

4

1    that "the judgment is void"). He also claims that the U.S. Trustee failed to protect him against

2    cruel and unusual punishment and failed to prevent harm pursuant to 18 U.S.C. § 1346.[6] *Id.* at 2–

3    3.

4      Fareed-Sepehry-Fard© further elaborates his arguments. In his view, the Bankruptcy

5    Court's Order contravenes the three orders issued by this Court in Case No. 17-cv-02126. Fareed-

6    Sepehry-Fard© also contends that the Bankruptcy Court was on notice that he had medical

7    conditions and was an "unavailable litigant." Opening Br. 6–7. On this basis, Fareed-Sepehry-

8    Fard© appears to argue that the Bankruptcy Court should not have conducted proceedings or

9    issued the Discharge Order due to his medical conditions. The core of his argument is based on

10   this Court's three orders granting him extensions of time to file an opening brief in Case No. 17-

11   cv-02126. *See id.* at 6–9. Fareed-Sepehry-Fard© also points out that this Court granted him an

12   extension of time to file an opening brief in this case. *Id.* at 6 n.1.

13     In addition, Fareed-Sepehry-Fard© argues that California Rules of Court 8.63 provides that

14   a "court must extend time" for good cause and that his physicians' letters of unavailability support

15   a showing of good cause. Opening Br. 9–10. He further asserts that he is entitled to equal

16   protection as well as protection from cruel and unusual punishment under the U.S. Constitution

17   and California Constitution. *Id.* at 10–12. Fareed-Sepehry-Fard© claims that the Bankruptcy

18   Court and the U.S. Trustee violated his constitutional rights by being deliberately indifferent to his

19   "serious" medical needs. *See id.* at 12–14. Based on the alleged constitutional violations, Fareed-

20   Sepehry-Fard© appears to argue that the Bankruptcy Court judge violated 18 U.S.C. § 1918, which

21   states that an individual may be fined or imprisoned if he or she holds a position in the federal

22   government while being a member of an organization that asserts the right to strike against the

23   federal government. *Id.* at 10–11 (citing 18 U.S.C. § 1918(4)).

24     As a final point, Fareed-Sepehry-Fard© avers that the Bankruptcy Court judge appeared to

25   be biased on the grounds that the judge "denied [his] due process [rights]" by continuing

26   proceedings despite the fact that Fareed-Sepehry-Fard© submitted a notice regarding his medical

27

28   [6] Section 1346 defines the term "scheme or artifice to defraud" to include "a scheme or artifice to
     deprive another of the intangible right of honest services."

5

1    conditions.  Opening Br. 14–16.  For support, Fareed-Sepehry-Fard© points to an adversary

2    proceeding which he filed in the Bankruptcy Court, Case No. 17-ap-05040. *Id.* at 17.  In that

3    adversary proceeding, Fareed-Sepehry-Fard© argues, the Bankruptcy Court judge issued an order

4    continuing a status conference from June 22, 2017 to August 1, 2017 so that it could be heard on a

5    motion to dismiss filed by certain defendants. *Id.*  Fareed-Sepehry-Fard© contends that the judge

6    contravened his own order by holding a hearing on a motion to dismiss for lack of jurisdiction on

7    June 20, 2017 and that this is evidence showing that the judge colluded with Appellees. *Id.* at 17–

8    18.

9           The Chapter 13 Trustee responds that the October 16, 2017 Discharge Order "was a pro

10   forma order, entered in Appellant's bankruptcy case pursuant to the standard procedures of the

11   bankruptcy court following the dismissal of a chapter 13 case." Responsive Br. 2.  According to

12   the Chapter 13 Trustee, the Discharge Order simply provides notice that the "Trustee [was]

13   discharged from her appointment as chapter 13 trustee of the debtor's bankruptcy estate, the

14   Trustee's bond [was] canceled, and the case [was] closed," and an order closing the case is a

15   ministerial act. *Id.* at 2–3. The Chapter 13 Trustee also contends that vacating the Discharge

16   Order would not result in the reversal of the dismissal of the underlying bankruptcy case and thus

17   reappointment of the Trustee would be a purposeless act. *Id.* at 2, 4.

18          The Chapter 13 Trustee further challenges Fareed-Sepehry-Fard©'s argument that his right

19   to due process was violated by the dismissal of the underlying bankruptcy case without "making

20   sufficient allowances for [his] medical conditions." Responsive Br. 4.  The Chapter 13 Trustee

21   asserts that Fareed-Sepehry-Fard©'s argument is unavailing because he did not timely file an

22   appeal of the order dismissing the case and that the dismissal order became a final, non-appealable

23   order. *Id.*

24   **V.    DISCUSSION**

25          After considering the parties' arguments and reviewing the record on appeal, the Court

26   concludes that Fareed-Sepehry-Fard© has failed to submit sufficient evidence or arguments to

27   prevail on any issue identified in his opening brief.

28          First, as a preliminary issue, to the extent that Fareed-Sepehry-Fard© challenges any prior

1    orders other than the Discharge Order in this appeal, his appeal is untimely.  As mentioned, the

2    time to appeal an order is within 14 days after it issued.  Fed. R. Bankr. P. 8002.  Because Fareed-

3    Sepehry-Fard© did not appeal other orders within 14 days after they were issued, his challenge to

4    those orders is untimely and the Court cannot hear that challenge.  The Court agrees with the

5    Chapter 13 Trustee's argument on this point (*see* Responsive Br. 4).

6    Second, Fareed-Sepehry-Fard© has not established that the Bankruptcy Court's failure to

7    institute a "stay" of the case during the pendency of his medical unavailability violated his

8    constitutional rights.  Fareed-Sepehry-Fard© advised the Bankruptcy Court of a needed pause in

9    the proceedings for six weeks commencing April 11, 2017.  No further request was filed in that

10   case.  Filing requests for extensions of time in unrelated cases in federal district court does not

11   inform the Bankruptcy Court or the other parties in this case of a continuing medical problem.

12   Thus, the primary issue on which this appeal is based was not raised in the Bankruptcy Court.  The

13   Bankruptcy Court did not deny any request for an extension of time based on medical need.  And

14   the Bankruptcy Court judge could not possibly have known of the contents of files in a different

15   court.  On this record, there is no support for the claimed constitutional violation.  Nor has he

16   shown how the U.S. Trustee violated 18 U.S.C. § 1346, which only defines the term "scheme or

17   artifice to defraud."

18   Moreover, the Court rejects Fareed-Sepehry-Fard©'s contention that the Bankruptcy Court

19   judge violated 18 U.S.C. § 1918.  Section 1918 "establishes criminal penalties," *Am. Postal*

20   *Workers Union AFL-CIO v. U.S. Postal Serv.*, 682 F.2d 1280, 1283 n.1 (9th Cir. 1982), and thus

21   has no relation to this appeal which concerns a bankruptcy proceeding.  Insofar as Fareed-

22   Sepehry-Fard© argues that § 1918 is applicable based on the purported constitutional violations,

23   the Court is unpersuaded by this argument because he has not shown such violations.

24   Fareed-Sepehry-Fard© also relies on California Rules of Court 8.63 and appears to contend

25   that the Bankruptcy Court should have continued its proceedings due to his medical conditions.

26   California Rules of Court 8.93 is a state rule that concerns procedures for extending time in

27   appellate proceedings.  *See* Cal. R. Ct. 8.63.  Because the procedure of the underlying bankruptcy

28   case was governed by Federal Rules of Bankruptcy Procedure (*see* Fed. R. Bankr. P. 1001) and

7

1    not state rules, California Rules of Court 8.63 was inapplicable. Therefore, the Court rejects

2    Fareed-Sepehry-Fard's reliance on Rule 8.63.

3          Third, Fareed-Sepehry-Fard[©]'s assertion that the Bankruptcy Court judge appeared to be

4    biased is unpersuasive. Fareed-Sepehry-Fard[©] argues that in another adversary proceeding (Case

5    No. 17-ap-05040), the Bankruptcy Court judge contravened his own orders and colluded with

6    Appellees. However, Fareed-Sepehry-Fard[©] has not shown that the judge issued any inconsistent

7    orders. In that adversary proceeding, two distinct motions to dismiss were filed by different

8    defendants. *See* Dkt. Nos. 33 and 35 in Docket Sheet, ECF 14-46. The Bankruptcy Court judge

9    issued an order granting a motion to dismiss for lack of jurisdiction filed by two defendants after

10   holding a hearing on June 20, 2017. Record on Appeal ("Order Granting Motion to Dismiss"),

11   ECF 14-46. Prior to issuing that order, the Bankruptcy Court judge continued a status conference

12   from June 22, 2017 to August 1, 2017 so that the conference could be heard with the other motion

13   to dismiss. Record on Appeal ("Order Continuing Status Conference"), ECF 14-46. That prior

14   continuance order did not continue the June 20, 2017 hearing. As such, there were no

15   inconsistencies in the Bankruptcy Court judge's orders and the June 20, 2017 hearing was proper.

16         The Court also notes that Fareed-Sepehry-Fard[©] fails to provide any argument with respect

17   to his fifth issue—whether the Bankruptcy Court judge lacked Article III standing (Opening Br. 1–

18   2). In any case, he cannot succeed on that issue. Standing generally pertains to whether a plaintiff

19   has standing to pursue a suit as opposed to whether a bankruptcy court judge has standing to

20   preside over a proceeding. Indeed, *Lujan*, the case cited by Fareed-Sepehry-Fard[©] holds that the

21   *plaintiff* must satisfy standing requirements. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

22         The above conclusion is not changed by the arguments in the reply brief. Fareed-Sepehry-

23   Fard[©] asserts that the Bankruptcy Court never had subject matter jurisdiction and personal

24   jurisdiction due to his notice of availability and medical conditions. Reply Br. 5, 7–10. He further

25   emphasizes his arguments based on constitutional violations. *Id.* at 5–13. The Court does not find

26   those arguments persuasive.

27         Although Fareed-Sepehry-Fard[©] contends that his notice of unavailability and medical

28   conditions deprived the Bankruptcy Court of subject matter jurisdiction, there is no case law that

8

1   supports his contention. To the contrary, the Bankruptcy Court of this District had subject matter

2   jurisdiction because the underlying bankruptcy case arose under Title 11 of the United States

3   Code. *See* 28 U.S.C. §157(a) (bankruptcy judges may hear any or all cases under Title 11 that has

4   been referred by the district court).

5         Regarding personal jurisdiction, Fareed-Sepehry-Fard$^{©}$ does not provide a detailed

6   argument. In any case, it is well established that "the debtor submits to personal jurisdiction of the

7   court sitting in the district in which he filed" a petition in a bankruptcy case. *In re Vodenos*, 553

8   B.R. 786, 791 (Bankr. C.D. Cal. 2016) (citation omitted). Here, Fareed-Sepehry-Fard$^{©}$ filed his

9   Chapter 13 petition with the Bankruptcy Court. Therefore, he "submit[ted] to personal

10   jurisdiction" of the Bankruptcy Court. *Id.* The Court finds no authority showing that personal

11   jurisdiction becomes void when the debtor files a notice of "unavailability."

12         In addition, as discussed earlier, Fareed-Sepehry-Fard$^{©}$ has not shown any constitutional

13   violations.

14   **VI.**     **ORDER**

15         For the foregoing reasons, the Bankruptcy Court's Order Discharging Chapter 13 Trustee

16   after Case Dismissal and Final Decree is AFFIRMED. The Clerk shall close the file.

17

18         **IT IS SO ORDERED.**

19

20   Dated: August 27, 2018

21                                   _____

                                    BETH LABSON FREEMAN

22                                     United States District Judge

23

24

25

26

27

28