**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FAREED-SEPEHRY-FARD©,<br><br>Appellant,<br><br>v.<br><br>U.S. TRUSTEE, et al.,<br><br>Appellees. | Case No. 17-cv-06577-BLF<br><br>**ORDER DENYING APPELLANT'S MOTION FOR RECONSIDERATION AND APPELLANT'S MOTION TO STRIKE**<br><br>[Re: ECF 33, 39] |

Before the Court are two related motions: Appellant's Motion for Reconsideration of the Court's Order Affirming the Bankruptcy Court's Order Discharging Chapter 13 Trustee and Final Decree (ECF 32), *see* ECF 33; and Appellant's Motion to Strike Appellees' Opposition to Appellant's Motion for Reconsideration (ECF 37), *see* ECF 39. Pursuant to Civil Local Rule 7-1(b), the Court finds Appellant's motions suitable for submission without oral argument. For the reasons stated below, Appellant's Motion to Strike ("MTS") at ECF 39 is DENIED; and Appellant's Motion for Reconsideration ("MFR") at ECF 33 is DENIED.

**I.  BACKGROUND**

This action arose from Debtor/Appellant Fareed-Sepehry-Fard©'s appeal of the United States Bankruptcy Court's Order Discharging Chapter 13 Trustee after Case Dismissal and Final Decree ("Discharge Order"). Notice of Appeal, ECF 1-4; Am. Notice of Appeal, ECF 18. The Bankruptcy Court discharged the Chapter 13 Trustee of the estate of Debtor/Appellant Fareed-Sepehry-Fard© ("Appellant" or "Fareed-Sepehry-Fard©") and closed the case by entering the Discharge Order on October 16, 2017. *See* Discharge Order, ECF 1-4.

Fareed-Sepehry-Fard© appealed that order to this Court naming the following Appellants: U.S. Bank National Association, as Trustee for Greenpoint Mortgage Trust Mortgage Pass-

1 Through Certificates, Series 2007-AR2, Nationstar Mortgage LLC, Greenpoint Mortgage Funding, Inc., Capital One, N.A., Clear Recon Corp, Countrywide Home Loans, Inc., and Devin Derham-Burk, Trustee. Notice of Appeal; *see also* Am. Notice of Appeal. On August 27, 2018, the Court affirmed the Bankruptcy Court's Discharge Order. *See* ECF 32. The present motions followed. The Court construes Appellant's Motion for Reconsideration as being filed pursuant to Federal Rule of Civil Procedure 59(e). *See* MFR at 1 ("[a] motion for reconsideration is allowable under either Federal Rule of Bankruptcy Procedure 9023, which incorporates Federal Rule of Civil Procedure 59(e) . . ." and quoting Rule 9023).

## II. LEGAL STANDARD

### A. Civil Local Rule 7-5(a)

Under Civil Local Rule 7-5(a), "[f]actual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration and by appropriate references to the record." Civ. L.R. 7-5(a). Any "[e]xtracts from depositions, interrogatory answers, requests for admission and other evidentiary matters must be appropriately authenticated by an affidavit or declaration." *Id.*

### B. Federal Rule of Civil Procedure 59(e)

A court can, pursuant to Federal Rule of Civil Procedure 59(e), alter or amend a judgment upon a showing of one of four grounds: "(1) the motion is necessary to correct manifest errors of law or fact; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R.R.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotations and citation omitted). A motion brought under Rule 59 is not an opportunity for a party to re-litigate the claims that were before the Court prior to judgment, but is instead an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterps., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation and citation omitted) ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation," and should not be granted "absent highly unusual circumstances.").

2

## III. DISCUSSION

### A. Appellant's Motion to Strike (ECF 39)

Appellant moves to strike Appellees' opposition brief pursuant to Civil Local Rule 7-5(a) on the grounds that "factual contentions made in support of Appellee's unverified opposition . . . have [not] been supported by an affidavit or declaration." MTS at 1, ECF 39. However, Appellant fails to identify even a single "factual contention" that would require such support. *See id.* Appellant's additional arguments—e.g., alleged violation of the U.S. Constitution's prohibition against cruel and unusual punishment—are not properly contained within Appellant's Motion to Strike and necessarily fail, the lack of merit aside. Accordingly, Appellant's Motion to Strike at ECF 39 is DENIED.

### B. Appellant's Motion for Reconsideration (ECF 33)

Appellant argues (1) that the Court violated Appellant's due process rights by not holding a hearing on Appellant's appeal of the Bankruptcy Court's Discharge Order; and (2) that Appellant's appeal of orders other than the Discharge Order was in fact timely, contrary to the Court's finding in the Discharge Order. *See* MRF at 2, 5–7, 9–13, ECF 33; *see also* Discharge Order at 3, ECF 32. Appellant also argues that he is entitled to a grand jury proceeding, *see id.* at 2–4, 9, 13, and alleges violation of the Eighth Amendment to the U.S. Constitution, *see id.* at 4, 13–19.

Appellees counter that "Appellant has failed to meet the legal standard to demonstrate that reconsideration [] is warranted." *See* Opp to MFR at 3, ECF 37. The Court agrees with Appellees. Appellant has identified no "newly discovered or previously unavailable evidence" or "intervening change in controlling law" that would provide a basis for the Court to reconsider its order affirming the Bankruptcy Court's Discharge Order. *See Turner*, 338 F.3d at 1063. Nor has Appellant demonstrated that reconsideration is necessary "to correct manifest errors of law or fact" or "to prevent manifest injustice." *See id.*

First, Appellant has not shown how the Court's decision under Civil Local Rule 7-1(b) to take Appellant's appeal of the Bankruptcy's Court Discharge Order under submission without oral argument resulted in "manifest errors of law or fact" or "manifest injustice." Second, Appellant's

argument that his other appeals were in fact timely is essentially an unallowable attempt to re-litigate the claims before the Court prior to judgment. *See Kona*, 229 F.3d at 890. Third, and lastly, the Court finds that Appellant's additional arguments could have been raised earlier in the litigation, and in any event, do not amount to "highly unusual circumstances" that would warrant reconsideration. *See id.* In sum, the Court finds that Appellant's arguments fail to satisfy any of the four factors in *Turner*, or the "highly unusual circumstances" standard in *Kona*. Accordingly, Appellant's Motion for Reconsideration at ECF 33 is DENIED.

## IV. CONCLUSION

For the foregoing reasons, Appellant's Motion to Strike at ECF 39 is DENIED; and Appellant's Motion for Reconsideration at ECF 33 is DENIED.

**IT IS SO ORDERED.**

Dated: November 16, 2018

_____
BETH LABSON FREEMAN
United States District Judge

4